UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHIGAN LABORERS' HEALTH
CARE FUND, et al.,

        Plaintiffs,

v.

MLS CONCRETE, LLC, et al.,

        Defendants.
_____/

CIVIL ACTION NO. 09-14800

DISTRICT JUDGE STEPHEN J. MURPHY, III

MAGISTRATE JUDGE DONALD A. SCHEER

# REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION**:

I recommend that Plaintiffs' Motion for Partial Default Judgment be granted.

**II.**    **REPORT:**

    **A.**    **Procedural History**

The Complaint in this action was filed on December 9, 2009. On December 15, 2009, Certificates of Service were returned "executed" as to both Defendants, MLS Concrete, LLC and Charles Tyner. On January 5, 2010, Plaintiffs' Request for Clerk's Entry of Default was filed. The Clerk's Entry of Default as to both Defendants was entered on the same date.

On January 12, 2010, Plaintiffs filed their Motion for Default Judgment as to Charles Tyner and MLS Concrete, LLC. The Motion was referred to the undersigned magistrate judge for hearing. Counsel for Plaintiffs appeared for hearing on February 24, 2010. Neither MLS Concrete, LLC nor Charles Tyner appeared at the hearing. Proposed Findings of Fact and Conclusions of Law were filed by Plaintiffs' counsel on February 25, 2010.

No appearance has been entered as of this date by either Defendant.

**B. <u>Applicable Law</u>**

Fed.R.Civ.P. 55 provides, in pertinent part, as follows:

> **Rule 55. Default; Default Judgment**
>
> **(a) Entering a Default.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
>
> **(b) Entering a Default Judgment. (1) By the Clerk.** If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk-on the plaintiff's request, with an affidavit showing the amount due-must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
>
> **(2) By the Court.** In all other cases, the party must apply to the court for a default judgment.
>
> \* \* \*
>
> The court may conduct hearings or make referrals-preserving any federal statutory right to a jury trial-when, to enter or effectuate judgment, it needs to:
>
> (A) conduct an accounting;
>
> (B) determine the amount of damages;
>
> (C) establish the truth of any allegation by evidence; or
>
> (D) investigate any other matter.

Section 515 of ERISA requires employers to make benefit contributions in accordance with the terms of a Collective Bargaining Agreement ("CBA"). That liability is enforced by way of a civil action in federal court under Section 502. 29 U.S.C. §1132.

Laborers' Health and Welfare Trust Fund v. Advanced Lightweight Concrete, 484 U.S. 439, 547 (1988).

Section 502(g)(2) of ERISA provides for specific remedies, including an award of unpaid contributions, interest, liquidated damages or double interest, reasonable attorneys fees and costs, as well as other legal and equitable relief. 29 U.S.C. §1132(g)(2). The purpose of these "strict remedies is to give employers a strong incentive to honor their contractual obligations to contribute and to facilitate the collection of delinquent accounts." Advanced, supra.

Section 301(a) of the Labor Management Relations Act ("LMRA") also authorizes suits for enforcement of a CBA. 29 U.S.C. §185(a). Plaintiffs may sue under Section 301(a) as third party beneficiaries to a contract. See e.g., Schneider Moving and Storage Co. v. Robins, 466 U.S. 364 (1984); Trustees for Michigan BAC Healthcare Fund v. OCP Contractor's Inc., 136 Fed.Appx. 849; 883 F.2d 454, 460 (6th Cir. 1989) ("trustees of an ERISA fund may enforce the CBA with the employer as third party beneficiaries.").

### C. Factual History

The following facts are alleged in the Complaint and/or established by Plaintiffs' Motion for Partial Default Judgment and its attachments. For the period of July 2007 to present, Defendant MLS Concrete, LLC ("MLS") was a party to collective bargaining agreements (CBAs) which required it to remit benefit contributions to the funds for all covered work performed by its employees.[1] Defendant MLS has remitted no contributions to the funds for work performed after July 2007.

---

[1] The "funds" refers to the funds for which Plaintiffs are trustees and fiduciaries.

Plaintiffs demanded that MLS submit to an audit of its books and records for the period of July 2007 to date, so that the delinquencies owed by it could be determined. Defendant, however, failed to submit to an audit.

On December 9, 2009, Plaintiffs filed this action against MLS and its owner, Charles Tyner, to compel and audit for the period of July 2007 to present, and to collect any amounts shown to be due. Plaintiffs also seek an order compelling Defendants to submit contribution reports and benefit contributions for the months after July 2007. Defendants were properly served with Summons and Complaint, but did not answer or otherwise defend within the time permitted by law. A Clerk's entry of default has entered against the Defendants.

Plaintiffs now move for an entry of a partial summary judgment. They seek a judgment requiring Defendants to: (a) submit to an audit for the period of July 2007 to present; (b) submit contribution reports and benefit contributions for the months after July 2007; and (c) payment of $2,607.50 in attorneys fees and costs incurred by Plaintiffs to date. Plaintiffs further request that this court retain jurisdiction to amend or supplement the partial default judgment to award the amount shown by the requested audit, together with the additional amount of fees and costs incurred by Plaintiffs in amending or supplementing the partial default judgment.

**D.     Analysis**

The entry of a default judgment is a matter committed to the discretion of the court. In rendering its decision, a court may consider a wide range of factors, including: (a) the amount of money involved in the dispute; (b) whether issues of material fact, or of substantial public importance, are at issue; (c) whether the default was largely technical;

4

(d) whether the plaintiff was prejudiced by any delay; (e) whether the grounds for default are clearly established; (f) whether the default was intentional, or caused by good faith mistake or neglect; and (g) the harshness of the effect of a default judgment on the defendant. Wright, Miller and Kane, Federal Practice and Procedure: Civil 3rd, Section 2685.

The total sum of money involved in the dispute between Plaintiffs and Defendants in this case is not susceptible to precise enumeration at this point. Nonetheless, the funds at issue reflect approximately two and one-half years of pension contributions on behalf of the members of the Plaintiffs' several organizations. It does not appear that significant questions of material fact exist as to the issue of Defendants' obligation to produce the books and records necessary to an audit. That responsibility is fixed by the Collective Bargaining Agreements. It does appear, however, that important issues of public policy are at stake in this case. The purpose of ERISA is to provide retirement security to members of the workforce. Failure of employers to make the contributions required of them has wide ranging negative effects upon the workers as well as the public welfare. It does not appear that Defendants' default in its obligations under the CBAs is merely technical. Defendants' obligations to fund the pensions were central provisions of the CBAs. Rather, there appears to have been a complete and purposeful failure to meet the obligations imposed upon Defendants by the CBAs and ERISA. As stated earlier, the default of Defendants' obligations has continued for approximately two and one-half years, and Plaintiffs' members are certainly prejudiced by continuation of the long term failure to contribute to their pensions. Based upon the allegations in the Complaint and the facts established by the attachments to Plaintiffs' Motion for Default, I conclude that Defendants' default was

intentional, based upon its long duration and the failure of the Defendants to respond to Plaintiffs' efforts to secure their voluntary compliance with their contractual and legal obligations. Finally, I find no cause to believe that the relief prayed in the present Motion is unduly harsh to Defendants. Plaintiffs seek only a partial default judgment in the form of compliance with contractual obligations voluntarily assumed by Defendants, together with a reasonable attorney fee for the work performed thus far on their behalf.

At my request, counsel for Plaintiffs has submitted proposed Findings of Fact and Conclusions of Law. Based upon the documents referenced in the Complaint and the various attachments to their Motion for Partial Default Judgment I find that the proposed conclusions are supported by the record. I hereby incorporate those findings of fact and conclusions of law into this Report. I am fully satisfied that Plaintiffs have established their entitlement to the relief sought in the Motion.

For all of the above reasons, I recommend that Plaintiffs' Motion for Partial Default Judgment be granted; that the court adopt the Findings of Fact and Conclusions of Law submitted by the Plaintiffs and attached hereto at Tab A; and that the court enter the Proposed Order for Partial Default Judgment as submitted by Plaintiffs with their Motion and attached hereto at Tab B.

**III.     NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. Section 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v.

Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections that raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Federation of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall not be more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                      s/Donald A. Scheer
                                      DONALD A. SCHEER
                                      UNITED STATES MAGISTRATE JUDGE

DATED: March 4, 2010

_____

## CERTIFICATE OF SERVICE

I hereby certify on March 4, 2010 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on March 4, 2010:

        **Charles Tyner**         **MLS Concrete, LLC**
        **2000 Bartlett Street**     **2000 Bartlett Street**
        **Royal Oak, MI 48067**    **Royal Oak, MI 48067**

                                  s/Michael E. Lang
                                  Deputy Clerk to
                                  Magistrate Judge Donald A. Scheer
                                  (313) 234-5217